## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| HECTOR MARRUFO, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | MO:19-CV-00064-DC |
| | § | |
| DANNY COUCH and AMBER | § | |
| COUCH, | § | |
| *Defendants*. | § | |

### <u>MEMORANDUM OPINION</u>

This is a breach of contract and conversion case by Defendant Hector Marrufo (Marrufo) against Defendants Danny Couch and Amber Couch (the Couches). The Couches also raised a counterclaim for breach of contract against Marrufo.

The parties identified four issues concerning liability and submitted those issues to the jury for its resolution. The parties also presented to the jury the issue of damages.

Regarding liability, the Court asked the jury the following:

(1) Did Hector Marrufo fail to comply with the agreement?

(2) Did Amber Couch and Danny Couch fail to comply with the agreement?

(3) Who failed to comply with the agreement first?

(4) Did Amber Couch and Danny Couch convert Hector Marrufo's property?

The jury answered "No" to the first question, "Yes" to the second question, and "Yes" to the fourth question.[1] (Doc. 103).

Regarding damages, the jury awarded Marrufo $207,000.00 in relation to the breach of contract claim and $195,000.00 in relation to the conversion claim. *Id.* The jury also found the

---

1. The jury was asked not to answer the third question unless it answered "yes" to both questions one and two.

Couches acted with malice and awarded Marrufo exemplary damages in the amount of $685,000.00. *Id.*

After the Court announced the jury verdict, Marrufo requested equitable relief in the form of specific performance for the breach of contract claim. (Doc. 105). Specifically, Marrufo seeks the return of the property located at 1675 SE 3001, Andrews, Texas 79714. *Id.* at 1.

The Couches filed a response opposing Marrufo's request, arguing the monetary damages awarded by the jury are sufficient to place Marrufo in the same place he would have been had the Couches not breached the contract between the parties. (Doc. 106 at 1).

Moreover, the Couches argue that the evidence does not support the jury verdict. *Id.* The Couches also argue that the trial was unjust because Marrufo was "allowed to slander [them] and witness[es] without evidence [or] repercussion." *Id.* at 3. Finally, the Couches argue the Court's ruling on Marrufo's motion in limine resulted in an unfair trial. *Id.*

### A.  Marrufo's Request for Specific Performance

Marrufo argues the Court should award him equitable relief in the form of specific performance. He claims that specific performance is appropriate due to the unique nature of the property at issue in this case, the issue of specific performance was tried by implied consent, and because the third-party who now owns the property is not a bona fide purchaser. (Doc. 105).

The Court first notes that the parties did not agree upon a measure of damages for a breach of contract by the Couches. (*See* Doc. 98-1). Thus, Marrufo is not limited to the recovery of monetary damages.

In order to obtain specific performance, "a party must show that he has complied with his obligations under the contract[.]" *See DiGiuseppe v. Lawler*, 269 S.W.3d 588, 594 (Tex. 2008) (citing *Glass v. Anderson*, 596 S.W.2d 507, 513 (Tex. 1980); *Bell v. Rudd*, 191 S.W.2d 841, 844

2

(Tex. 1946); *Wilson v. Klein*, 715 S.W.2d 814, 822 (Tex. App.—Austin 1986, writ ref'd n.r.e.)).

Marrufo must have shown he was "ready, desirous, prompt, and eager" to perform. *Id.* (quoting

*Ratcliff v. Mahres*, 122 S.W.2d 718, 721–22 (Tex. Civ. App.—El Paso 1938, writ ref'd)).

Here, the only questions submitted to the jury relating to the breach of contract were:
(1) Did Hector Marrufo fail to comply with the agreement? (2) Did Amber Couch and Danny
Couch fail to comply with the agreement? (3) Who failed to comply with the agreement first?
(Doc. 100). The jury answered "No" to Marrufo breaching the contract and "Yes" to the Couches
breaching the contract. *See id.* Thus, it was not necessary for the jury to answer the third
question.

Moreover, neither party requested a question regarding whether Marrufo was "ready,
willing, and able to perform at the relevant time," nor did the parties object to its omission.[2]
Accordingly, "there is no finding of fact or objection to a lack of a finding of fact with respect
[to] an essential element of specific performance." *See DiGiuseppe*, 269 S.W.3d at 595.

The Texas Supreme Court has held that a party is entitled to have a jury determine
contested fact issues before a court can decide the propriety of equitable relief. *See id.* (citations
omitted). The Couches did not stipulate to Marrufo's readiness, willingness, or ability to perform
under the agreement. That issue was vehemently contested. Additionally, the jury finding that
Marrufo complied with the agreement is not sufficient to deem established Marrufo's readiness,
willingness, and ability to perform. *See id.* at 598 (rejecting the argument that specific
performance is partially submitted to the jury when the jury is asked whether a party complied
with the agreement). Accordingly, Marrufo did not establish that he is entitled to specific
performance.

---

2. The questions requested in Marrufo's proposed jury charge do not include the necessary inquiry—whether
Marrufo was "ready, willing, and able to perform at the relevant time." (*See* Doc. 86). Rather, they ask regarding
Marrufo's compliance with the loan agreement. *See id.* at 6–7.

Finally, Texas case law provides that trial courts will not order specific performance when present performance is not possible. *See Canteen Corp. v. Republic of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex. 1985). In this case, the Couches no longer own the property at issue. Accordingly, performance is not possible. *See Henry S. Miller Co. v. Stephens*, 587 S.W.2d 491, 492 (Tex. Civ. App.—Dallas 1979, writ ref'd n.r.e.) ("Both parties agree that specific performance will not usually be ordered for the vendor unless he has legal title to the property at the time of trial."). "If the property has already been conveyed to a third party . . . the only remedy available from the grantor is money damages." *See Archer v. Tregellas*, 566 S.W.3d 281, 287 (Tex. 2018) (citation omitted).

In sum, the Court denies Marrufo's request for specific performance.

**B.  The Couches' Motion for Judgment Notwithstanding the Verdict**

In their response to Marrufo's request for specific performance, the Couches argue that the evidence does not support the jury verdict. (Doc. 106). Accordingly, the Court construes the response as a Motion for Judgment Notwithstanding the Verdict.

The jury found that the Couches breached the contract and that Marrufo did not. The jury also found that the Couches converted Marrufo's property and that the harm to Marrufo resulted from malice. The jury awarded Marrufo $207,000 for the Couches breach of contract and $195,000 in relation to the conversion claim. Finally, the jury awarded Marrufo $685,000 in exemplary damages.

**1.  Breach of Contract**

The elements of a breach of contract are: (1) a valid contract; (2) performance or tendered performance; (3) breach of the contract; and (4) damages resulting from the breach. *See Myan Mgmt. Grp., L.L.C. v. Adam Sparks Family Revocable Tr.*, 292 S.W.3d 750, 754 (Tex. App.—

Dallas 2009, no pet.) (citation omitted). The Court rules there was enough evidence from which the jury could find that the Couches entered into a valid agreement to sell the property in question to Marrufo, that Marrufo complied with his obligations under the contract, that the Couches did not hold up their end of the bargain, and that Marrufo incurred damages as a result of the Couches' breach. Specifically, the parties introduced the agreement executed by the parties. Marrufo testified that he paid the loan in full. Marrufo also testified, and the Couches did not contest, that the Couches did not transfer the property to Marrufo. Finally, Marrufo testified that he incurred damages due to the Couches' breach. Although the Couches testified that Marrufo did not make all payments under the agreement or as prescribed by the agreement, the jury is the sole judge of the credibility of the witnesses. The jury may decide to believe one side and not the other. The Court will not question the jury's judgment.

Accordingly, the Court rules there was sufficient evidence from which the jury could find that the Couches, and not Marrufo, breached the agreement executed by the parties.

Likewise, the Court rules that Marrufo presented sufficient evidence to sustain the jury's award of damages in relation to his breach of contract claim.

### 2.  Conversion

"Texas defines conversion as 'the unauthorized and unlawful exercise of dominion and control over property inconsistent with or to the exclusion of another's superior rights in that property.'" *Kent*, 2015 WL 12841097, at *3 (citation omitted). Here, the jury found that the Couches not only breached their contract with Marrufo but also converted Marrufo's property.

Tort liability and contract liability are distinguished under Texas law to "avoid the availability of both tort and contract liability for the same conduct and the same kind of harm and loss." *SPP SWD Burns Ranch, LLC v. Kent*, No. 5:14-CV-88, 2015 WL 12841097, at *2 (S.D.

Tex. Jan. 8, 2015) (citation omitted). Under the contort doctrine, "if the defendant's conduct would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may sound in both tort and contract, but if the defendant's conduct would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract." *See Exxon Mobil Corp. v. Kinder Morgan Operating LP "A"*, 192 S.W.3d 120, 126–27 (Tex. App.—2006). The doctrine depends on two facts: (1) the source of the defendant's duty to act and (2) the nature of the injury claimed and the remedy sought by the plaintiff. *See Kent*, 2015 WL 12841097, at *2.

In the instant case, the breach of contract jury question asked: "What sum of money . . . would fairly and reasonably compensate [Plaintiff] for his damages . . . ?" The jury's answer was based on the "[l]oss of the benefit of the bargain sustained in the past." The benefit of the bargain was the value of the property subject to the agreement. The conversion question asked: "Did the Couches convert Marrufo's property?" Thus, the breach of contract and conversion questions concerned the property listed in the contract. The "source of the duty giving rise to the injury" was the contract, for, without the contract, the Couches were under no obligation to turn over the title of the property to Marrufo.

Likewise, the "nature of the injury" was the deprivation of Marrufo's property. No other injuries or losses played a role in the jury's damages calculation for the conversion claim. Because this is the only injury sustained by Marrufo, the Couches' breach of duty sounds in "contract alone." As such, Marrufo is not entitled to recover for conversion.

Additionally, Texas does not recognize the conversion of realty as a cause of action. *See Lucio v. John G. & Marie Stella Kenedy Mem'l Found.*, 298 S.W.3d 663, 672 (Tex. App.—Corpus Christi 2009, pet. denied). The property subject to the agreement included tools,

6

equipment, and real property located at 1675 SE 3001, Andrews, TX 79714. The jury did not attribute its award for the Couches' alleged conversion to either the tools and equipment or the real property. The Court cannot award damages for conversion when the award includes damages for the conversion of real property. For this additional reason, Marrufo is not entitled to damages for conversion. *Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 599 n.4 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (citation omitted).

### 3.  Exemplary Damages

Finally, exemplary damages are not available for breach of contract. *See Statewide Bank & SN Servicing Corp. v. Keith*, 301 S.W.3d 776, 786 (Tex. App.—Beaumont 2009, pet. abated) (citations omitted). Because Marrufo's conversion claim is barred, the Court rules that he cannot legally recover exemplary damages.

Accordingly, the Court grants in part and denies in part the Couches' Motion for Judgment Notwithstanding the Verdict. (Doc. 106).

Judgment is entered in favor of Marrufo and against the Couches as to the breach of contract claim in accordance with the jury's finding that the Couches breached the agreement between the parties.

Judgment is entered in favor of the Couches and against Marrufo as to the conversion claim in accordance with the Court's finding that Marrufo cannot have a claim for conversion.

Judgment is entered in favor of the Couches and against Marrufo as to exemplary damages in accordance with the Court's finding that Marrufo is not entitled to exemplary damages for breach of contract and that Marrufo cannot recover for conversion.

The total amount of monetary damages awarded to Marrufo in accordance with the jury's finding is $207.000.00.

It is so **ORDERED**.

SIGNED this 27th day of January, 2022.

_____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE